UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

                     - against -

ANTONIO BENITEZ,

                          Defendant.

**ORDER**
15-CR-60 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        On June 16, 2016, Defendant Antonio Benitez pled guilty to one count of conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c) and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c).  (Indictment, Docket Entry No. 1; Min. Entry dated June 16, 2016, Docket Entry No. 63.)  On December 16, 2016, the Court sentenced Benitez to 125 months of imprisonment to be followed by five years of supervised release.  (J. and Order, Docket Entry No. 78.)  On October 10, 2020, Benitez filed a motion for compassionate release seeking a reduction of his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that underlying medical conditions place him at heightened risk of severe illness or death should he contract COVID-19 in custody.  (Def.'s Mot. to Reduce Sentence ("Def.'s Mot.") 2, Docket Entry No. 124.)[1]  The government opposes Benitez's motion.  (Gov't Mem. in Opp'n to Def.'s Mot. ("Gov't Opp'n") 1, Docket Entry No. 126.)

        For the reasons discussed below, the Court denies Benitez's motion.

---

[1] Because Benitez's motion is not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing system.

I. **Background**

   a. **Guilty plea and sentencing**

Between 2012 and 2015, Benitez and his codefendants, Samuel Weekes Jr. and Stephanie Vasquez, operated as marijuana distributors in the New York metropolitan area, purchasing marijuana in multi-pound quantities from various sources for resale to local street dealers. (Presentence Investigation Report ("PSR") ¶¶ 6, 8, Docket Entry No. 73.)  Jane Doe negotiated sales to Benitez and his codefendants on behalf of a source in California.  (*Id.*)  On October 31, 2013, federal agents seized from Jane Doe eleven pounds of marijuana that was intended for Weekes.  (*Id.*)  Following this incident, Jane Doe informed Weekes about the seizure, but Weekes did not believe her and accused her of stealing the drugs.  (*Id.*)  On November 1, 2013, Weekes, Benitez, and Vasquez drove to the Bronx with a firearm to confront Jane Doe and demand that she pay for the purportedly stolen marijuana.  (*Id.* ¶ 7.)  Upon meeting them, Jane Doe got in the backseat of Weekes' vehicle next to Benitez.  (*Id.*)  When Jane Doe insisted that federal agents had seized the marijuana, Vasquez slapped her in the face and pointed the gun at her.  (*Id.*)  Benitez held Jane Doe down in the backseat while Weekes drove to a vacant apartment in Brooklyn, where Weekes, Benitez, and Vasquez taped Jane Doe to a chair, placed a bag over her head, and repeatedly threatened to kill her, pointing the gun at her.  (*Id.*)  Jane Doe remained taped to the chair for several hours, during which time she was directed to call friends and acquaintances to plead for ransom money.  (*Id.*)  Later that evening, after collecting some of the money at Weekes' direction, Jane Doe escaped to an airport and left New York.  (*Id.*)

On June 16, 2016, Benitez pled guilty to one count of conspiracy to commit kidnapping and one count of brandishing a firearm during a crime of violence, and on December 16, 2016, the Court sentenced Benitez to 125 months of imprisonment to be followed by five years of

supervised release.  (Min. Entry dated June 16, 2016; J. and Order.)  Benitez is currently serving his term of incarceration at FCI Danbury in Danbury, Connecticut, with a tentative release date of January 2, 2024.  (Def.'s Mot. 2.)

### b. Compassionate release application

On October 10, 2020, Benitez filed a motion for compassionate release seeking a reduction of his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[2]  (Def.'s Mot.)  In support, Benitez, who is now thirty-six years old, (*see* PSR 2), argues that extraordinary and compelling reasons for a reduction exist because his obesity and type 2 diabetes "pose[] a significant risk to his health" considering "the risk of his exposure to the coronavirus in the prison setting,"[3] (Def.'s Mot. 4).  In addition, Benitez argues that a reduction would be consistent with the sentencing factors under 18 U.S.C. § 3553(a) because (1) his "sole connection" to the offense revolved around his "subservient companionship" with Weekes, (2) he is not violent by nature, as indicated by his negligible criminal history, and (3) he does not have a criminal enterprise to return to or any intention of re-associating with Weekes.[4]  (*Id.* at 3.)

---

[2] Benitez has exhausted his administrative remedies.  (*See* Def.'s Mot. 3; Letter from Warden dated May 15, 2020, annexed to Def.'s Mot., Docket Entry No. 124-1; Gov't Opp'n 4–5.)

[3] Benitez also contends that he suffers from sleep apnea, but sleep apnea is not currently listed by the Centers for Disease Control and Prevention as a condition that increases the risk of severe illness from COVID-19.  *See Coronavirus Disease 2019 (COVID-19) — People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 1, 2020).

[4] On November 5, 2020, Benitez also filed a letter detailing his efforts to engage in rehabilitation during his incarceration, which have included gaining "a full range of job-ready skills" working as a barber and in the kitchen at FCI Danbury, obtaining his high school equivalency diploma, earning nineteen certificates for completing courses on anger management, conflict mediation, coping skills, and attitude adjustment, among other things, serving as a spin

3

In response, the government argues that Benitez has failed to identify extraordinary and compelling reasons for release because the Bureau of Prisons has been able to treat Benitez's medical conditions and manage COVID-19 at FCI Danbury, there is no evidence of an outbreak of COVID-19 at FCI Danbury,[5] and other courts have denied relief in similar circumstances. (Gov't Opp'n 8–10.)  In addition, the government argues that the section 3553(a) factors weigh against release because (1) Benitez participated in a serious crime by kidnapping a young woman and holding her hostage for ransom, (2) Benitez "has only served approximately [sixty-eight] months of his 125-month sentence," (3) the Court was aware of Benitez's medical conditions at

---

class instructor, and completing the Bureau of Prisons' drug abuse program.  (Letter dated Oct. 22, 2020, Docket Entry No. 127; Certificates, annexed to Letter dated Nov. 29, 2020, as Exs. 1–2, Docket Entry Nos. 128-1 to -2.)  Benitez's letter also describes his support network and his release plan, which involves using the skills he has been cultivating to secure legitimate, gainful employment.

[5] When the government submitted its opposition to Benitez's motion on November 3, 2020, there were five active cases of COVID-19 at FCI Danbury, which lists its population as 837.  (See Gov't Opp'n 9; *FCI Danbury*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/dan/ (last visited Dec. 27, 2020).)  By December 17, 2020, the number of active inmate cases had increased to ninety-seven, prompting the Court to order the government to respond to the increase in numbers.  (Order dated Dec. 17, 2020.)  In its letter response to the Court, the government argues that this information should not alter the Court's assessment of Benitez's motion because "as cases increase in the community, they will increase within BOP institutions," that "[t]he effectiveness of the BOP's efforts and of the medical care available to inmates is apparent from the [mortality rate] at [Benitez's] facility," which is lower than the mortality rates in the surrounding area and where Benitez was living prior to his arrest, and that the "BOP is receiving and beginning to administer COVID-19 vaccines."  (Letter dated Dec. 22, 2020, at 1–2, Docket Entry No. 129.)  In response to the government's letter, on December 24, 2020, Benitez submitted a letter, filed as a second motion for compassionate release, requesting that the Court either grant him compassionate release, or a reduction in sentence, or order that he serve the remainder of his sentence under home detention.  (See Def.'s Mot. to Reduce Sentence 1, Docket Entry No. 131.)  Benitez argues that the issue is not merely the number of active cases at FCI Danbury but his risk of exposure to COVID-19 in the jail setting, that he could at least take precautions to protect himself if released, even if there is a higher incidence of COVID-19 in the surrounding community, and that the BOP has neither administered vaccines nor indicated how it will prioritize inmates for inoculation.  (*Id.* at 2.)  Since these submissions, the number of cases has decreased to twenty-two active inmate cases.  *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Dec. 27, 2020).

4

sentencing and his circumstances have not changed such that continued confinement would be inequitable, and (4) further reducing Benitez's below-Guidelines sentence would undermine the goal of deterrence and the need to promote public safety. (*Id.* at 11–12.)

## II. Discussion

The Court finds that a reduction of Benitez's sentence is inconsistent with the section 3553(a) factors.

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). Section 3582(c)(1)(A)(i) "empowers a court to reduce a defendant's term of imprisonment if it finds that 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 422 (S.D.N.Y. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Under section 3582(c), and as relevant here, courts may modify a previously imposed sentence where:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger

5

> to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i)-(ii). Thus, even if a district court decides that a movant has shown extraordinary and compelling reasons, the court must also consider whether the factors set forth in 18 U.S.C. § 3553 support release. *United States v. Roney*, No. 20-1834, --- F. App'x ---, --- 2020 WL 6387844, at *2 (2d Cir. Nov. 2, 2020) ("We need not decide whether [appellant] has proffered an extraordinary and compelling reason that warrants his release under 18 U.S.C. § 3582(c)(1)(A)(i) because, even assuming *arguendo* that he has, we discern no abuse of discretion in the district court's conclusion that release is nevertheless unwarranted upon consideration of the § 3553(a) factors.").

Although the Court takes seriously the threat posed by the pandemic to incarcerated individuals and the heightened risk of complications faced by individuals, such as Benitez, who suffer from obesity and diabetes, (Def.'s Mot. 4), the Court finds that the requested relief is inconsistent with the section 3553(a) factors.

While the Court recognizes Benitez's efforts to engage in rehabilitation since his December 16, 2016 sentencing, Benitez participated in an "armed drug-related kidnapping, in which a young woman was held hostage for ransom and threatened at gunpoint." (Gov't Opp'n 11; PSR ¶¶ 6–7.) In addition, the Court's 125-month sentence departed downward from the United States Sentencing Guidelines' range of 168 to 210 months for kidnapping conspiracy followed by a mandatory minimum of eighty-four months for brandishing a firearm during a crime of violence. (PSR ¶ 75.) Benitez has served approximately sixty-eight months of that sentence, and a further reduction would not adequately "reflect the seriousness of the

6

offense, . . . promote respect for the law, [or] . . . provide[] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

### III. Conclusion

Accordingly, for the reasons explained above, the Court denies Benitez's motion for compassionate release and denies Benitez's requests, in the alternative, for a reduction or an order that he serve the remainder of his sentence under home detention.

Dated: December 28, 2020
      Brooklyn, New York

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge